IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITEDHEALTHCARE INSURANCE COMPANY, | § § § § § § § § § § § | |
| Plaintiff, | | |
| | | C.A. 4:19-cv-4887 |
| v. | | |
| ULTRA FINE SILICA, LP, | | |
| Defendant. | | |

## ORIGINAL COMPLAINT

Plaintiff UnitedHealthcare Insurance Company ("Plaintiff") brings its claims against Defendant Ultra Fine Silica, LP ("Defendant"), and alleges and states as follows:

### I.     INTRODUCTION

1.     This is a case for unpaid premiums. Plaintiff provided certain health insurance coverage to eligible employees of Defendant under three (3) Group Policies. The Group Policies were terminated effective December 3, 2018. As of that date, and continuing thereafter, there remains a balance owing for unpaid premiums in the total amount of $88,688.55, for which Plaintiff now sues.

### II.     PARTIES

2.     **Plaintiff UnitedHealthcare Insurance Company.**  Plaintiff is a Connecticut corporation with its principal place of business in Connecticut.

3.     **Defendant Ultra Fine Silica, LP.**  Defendant is a Texas limited partnership with an office address of 2251 N Loop 336 W, Suite B, Conroe, Texas 77304. Defendant's sole general partner is Ultra Fine Silica GP, LLC, whose sole member is Lance Hammond,

an individual. Hammond is a citizen of Texas. As such, Defendant is a citizen of Texas for diversity purposes. Defendant may be served with process through its registered agent, Novus Tempus, LLC, at 2502 Ellis Park Ln., Conroe, Texas 77304, or wherever it may be found.

### III.  JURISDICTION AND VENUE

4.  **Jurisdiction**.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of Connecticut, and Defendant is a citizen of Texas, and therefore, there is complete diversity between the parties. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.  **Venue**.  Venue is proper in this Court under 28 U.S.C. § 1391(b), as the Defendant resides in this district, and it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

### IV.  OPERATIVE FACTS

6.  Plaintiff issued Group Policy Nos. 07Y0722, 07Y0723, 07Y0724, and 07Y0725 (the "Group Policies") to Defendant. Plaintiff agreed to provide certain insurance coverage to the eligible employees of Defendant under the Group Policies, in exchange for Defendant's agreement to pay monthly premiums.

7.  The Group Policies were cancelled effective December 3, 2018.  Plaintiff performed a final balance reconciliation under the Group Policies, including all final reported employee adjustments for debits and credits, leaving an unpaid premium balance due from Defendant in the amount of $88,688.55.

## COUNT 1 – BREACH OF CONTRACT

8. Plaintiff incorporates by reference the allegations of Paragraphs 1-7 herein for all purposes.

9. Despite Plaintiff's demands, Defendant has failed to make payment for the unpaid premiums, and such refusal constitutes a breach of contract. As a direct and proximate result of Defendant's breach, Plaintiff has suffered actual damages in the amount of $88,688.55 and is entitled to recover its damages from Defendant, for which it now sues.

10. All conditions precedent to Plaintiff's rights to recover from Defendant have been performed, have occurred, or have been excused.

11. Plaintiff has presented its claim for payment, but Defendant has refused to pay the amount due.

12. Additionally, Plaintiff is entitled to recover its reasonable and necessary attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 38.001.

## COUNT 2 – UNJUST ENRICHMENT

13. Plaintiff incorporates by reference the allegations of Paragraphs 1-12 herein for all purposes.

14. Defendant was enriched by the insurance coverage provided by Plaintiff.

15. Defendant has not paid Plaintiff the premiums for such insurance coverage to Defendant.

16. The circumstances are such that equity and good conscience make it inequitable for Defendant to retain the benefit of the coverage that Plaintiff advanced to

Defendant without Defendant making full payment of the premiums to Plaintiff. No justification exists for Defendant's retention of this benefit without paying Plaintiff.

17. As a direct and proximate result of Defendant's unjust retention of the benefits conferred by Plaintiff, Plaintiff has been damaged in the amount of at least $88,688.55, for which Plaintiff sues Defendant in the alternative.

## COUNT 3 – QUANTUM MERUIT

18. Plaintiff incorporates by reference the allegations of Paragraphs 1-17 herein for all purposes.

19. Alternatively, Plaintiff deserves payment from Defendant for the premiums for the insurance coverage services provided under *quantum meruit*.

20. Plaintiff rendered valuable services to Defendant, namely the provision of insurance coverage for Defendant and its eligible employees.

21. Defendant had reasonable notice that Plaintiff expected compensation in the form of premiums for the insurance coverage provided.

22. The circumstances are such that equity and good conscience make it unjust and inequitable for Defendant to retain the benefit of the coverage that Plaintiff advanced to Defendant without Defendant making full payment for the coverage to Plaintiff.

23. Plaintiff has been damaged in the amount of at least $88,688.55, for which Plaintiff sues Defendant in the alternative.

## V.   PRAYER

WHEREFORE, Plaintiff respectfully asks the Court to issue summons for Defendant to appear and answer this lawsuit, and for the following:

a. That judgment be entered against Defendant for Plaintiff's actual damages in the amount of $88,688.55;

b. That Plaintiff be awarded its reasonable and necessary attorneys' fees and costs incurred from prosecuting this action against Defendant;

c. That Plaintiff be awarded pre- and post-judgment interest at the highest lawful or equitable rate; and

d. That Plaintiff be awarded such other and further relief to which it is justly entitled.

Dated: December 17, 2019         Respectfully submitted,

By: /s/ Raha Assadi
Andrew G. Jubinsky
Texas Bar No. 11043000
Fed. I.D. No. 8603
andy.jubinsky@figdav.com
Raha Assadi
Texas Bar No. 24105444
Fed. I.D. No. 3265265
raha.assadi@figdav.com

**FIGARI + DAVENPORT, L.L.P.**
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR PLAINTIFF UNITEDHEALTHCARE INSURANCE COMPANY